# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00101-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TRAVIS LAMONT BOYD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion for Review and Revocation of Detention Order and Memorandum in Support of Defendant's Pre-Trial Release [Doc. 9].

**I.  PROCEDURAL BACKGROUND**

On August 16, 2017, the Defendant was charged in a Bill of Indictment with four counts of destroying and injuring conveyances within the Pisgah National Forest on May 19, 2017, in violation of 18 U.S.C. § 1363, and four counts of stealing personal property from such conveyances, in violation of 18 U.S.C. § 661.  [Doc. 1].  The Defendant's initial appearance was held before the Honorable Dennis L. Howell, United States Magistrate Judge, on August 30, 2017, at which time the Government requested detention.

A detention hearing was held on September 5, 2017. At the hearing, the Government proffered for the Court's consideration the Pretrial Services report, which outlines the Defendant's criminal history. The Government also presented the testimony of Jody Bandy, a law enforcement officer with the United States Forest Service, who testified regarding the vehicle break-ins reported in the Pisgah National Forest on May 19, 2017 and the circumstances under which the Defendant was arrested. The Defendant offered no evidence, but his counsel indicated in closing arguments that the Defendant's wife, to whom he has been married for fifteen years, offered to serve as a third party custodian for the Defendant. Upon conclusion of the hearing, Judge Howell ordered the Defendant to be detained. A Detention Order was entered on September 6, 2017 [Doc. 6].

On September 14, 2017, defense counsel filed the present motion, seeking review and revocation of the detention order. [Doc. 9].

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original

2

> jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

## III. ANALYSIS

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;

3

> (3) the history and characteristics of the person, including –
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that detention is warranted in this case. Based upon the record before the Court, the Court finds and concludes that the weight of the evidence against the Defendant is very strong. See 18 U.S.C. § 3142(g)(2). Specifically, Officer Bandy testified that a number of vehicle break-ins had been reported in the spring and early summer at various trailheads and

overlooks in the Pisgah National Forest. As a result of this rash of break-ins, law enforcement installed surveillance cameras at several of these locations. While the surveillance video does not show the actual break-ins themselves, law enforcement officers were able to identify a silver Toyota vehicle present at the scene. When five break-ins were reported in the Pisgah National Forest on May 19, 2017, officers were dispatched and advised to be on the lookout for the silver Toyota. The Defendant was pulled over by an officer just outside of the Pisgah National Forest in a silver Toyota Camry. A search of the vehicle revealed purses and other items that had been reported stolen from the broken-in vehicles.

With respect to the history and characteristics of the Defendant, see 18 U.S.C. § 3142(g)(3), the record shows that the Defendant is a lifelong resident of Greenville, South Carolina and has strong family and community ties there. The Defendant is gainfully employed and has been so employed for a number of years. The Defendant, however, has a significant and extensive criminal history, which includes numerous convictions for grand larceny, attempted burglary, receiving stolen goods, financial transaction card fraud, financial transaction card theft, forgery, and breaking into motor vehicles. The Defendant has numerous charges currently pending in state court for

breaking into vehicles, larceny, possession of controlled substances, and for being a habitual felon.

Based on all of the evidence presented, the Court agrees with the Magistrate Judge that there is clear and convincing evidence that the release of the Defendant would create a risk of harm or danger to another person or the community.  See 18 U.S.C. § 3142(g)(4).

Having conducted an independent review of the transcript of the detention hearing and the Order of Detention, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that detention is warranted in this case.  Accordingly, the Court will affirm the Defendant's detention pending trial.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Review and Revocation of Detention Order [Doc. 9] is **DENIED**, and the Order of Detention [Doc. 6] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: September 19, 2017

Martin Reidinger
United States District Judge